# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JONATHAN CHARLES HUGHES,<br><br>                      Plaintiff,<br>vs.<br><br>AT&T, *et al.,*<br><br>                      Defendants. | Case No. 3:19-cv-00179-SLG-DMS<br><br>**FINAL REPORT & RECOMMENDATION** |

On June 25, 2019, Jonathan Charles Hughes, a self-represented prisoner, filed a Civil Rights Complaint under 42 U.S.C. § 1983, a civil cover sheet, and an Application to Waive the Filing Fee under 28 U.S.C. § 1915(a).[1] On August 27, 2019, Mr. Hughes filed an Amended Complaint.[2] This Court screened the Amended Complaint in accordance with federal law and issued a Report and Recommendation dismissing Mr. Hughes's complaint for lack of jurisdiction and failing to state a claim and granted leave to amend.[3] The District Court adopted the report and recommendation and dismissed the complaint.[4] However, between the issuance of this Court's Final Report and Recommendation and the District's

---

[1] Dockets 1-3.

[2] Docket 5-6.

[3] Docket 8.

[4] Docket 10.

Court's Order adopting, Mr. Hughes filed a First Amended Complaint,[5] which this Court now considers.

In the caption of the First Amended Complaint, Mr. Hughes lists the Dimond Center Mall, the AT&T Store, Drake Fontana, Rochelle Mucha, Saraiya Commerford, and NANA Management.[6] In the body of the First Amended Complaint, he additionally names three John Doe security guards at the Dimond Mall.[7]

Mr. Hughes alleges that Rochelle Mucha and Saraiya Commerford, AT&T employees, called security and falsely stated that he was the suspect in a prior theft.[8] Mr. Hughes further alleges that Drake Fontana and Dimond Center Mall security guards, named as John Does 1-3, physically assaulted him with unnecessary force, and unlawfully detained him until the Anchorage Police Department arrived.[9] He alleges that he was not charged with vandalism and the theft case was dismissed on November 28, 2018.[10] Mr. Hughes alleges that the

---

[5] Docket 9.

[6] Docket 9 at 1.

[7] Docket 9 at 2.

[8] Docket 9 at 2-3.

[9] Docket 9 at 3.

[10] Docket 9 at 4-5.

3:19-cv-00179-SLG-DMS, *Hughes v. AT&T, et al.*
Screening Order
Page 2 of 14
Case 3:19-cv-00179-SLG-DMS   Document 11   Filed 02/27/20   Page 2 of 14

defendants violated his right to due process, assaulted him, caused him to be maliciously prosecuted, and intentionally inflicted emotional distress.[11]

For relief, Mr. Hughes seeks (1) $25,000.00 in damages; (2) $25,000.00 in punitive damages; (3) plaintiff's costs; and (4) "any additional relief this court deems just proper and equitable."[12] Mr. Hughes demands a jury trial.

## SCREENING REQUIREMENTS

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner seeking a waiver of the prepayment of the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[13]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[14] In conducting its

---

[11] Docket 9 at 5.

[12] Docket 5 at 3.

[13] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian*

3:19-cv-00179-SLG-DMS, *Hughes v. AT&T, et al.*
Screening Order
Page 3 of 14
Case 3:19-cv-00179-SLG-DMS   Document 11   Filed 02/27/20   Page 3 of 14

review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[15] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[16]

## DISCUSSION

Mr. Hughes has filed a civil rights complaint with the federal district court. However, Mr. Hughes has not plausibly alleged facts to support a civil rights claim. Instead, Mr. Hughes has alleged individuals and facts that support tort claims, likely best addressed in a state court proceeding for damages. Accordingly, the federal district court does not have subject matter jurisdiction over Mr. Hughes's complaint. For the reasons discussed below, the Court recommends the dismissal of Mr. Hughes's action.

---

*Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[15] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[16] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

3:19-cv-00179-SLG-DMS, *Hughes v. AT&T, et al.*
Screening Order
Page 4 of 14
Case 3:19-cv-00179-SLG-DMS   Document 11   Filed 02/27/20   Page 4 of 14

I.  Subject Matter Jurisdiction

Jurisdiction is "[a] court's power to decide a case or issue a decree."[17] A court's subject matter jurisdiction is its "statutory or constitutional power to adjudicate a case."[18] As a federal court, this Court has limited subject matter jurisdiction. It possesses "only that power authorized by the Constitution and statute."[19] This means that the Court has the authority to hear only specified types of cases.[20] "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."[21]

Federal question jurisdiction provides a federal court the authority to consider cases brought under the United States Constitution or federal statutes.[22] In order for a plaintiff to establish federal question jurisdiction it must be (1) clear on the face of the complaint an issue of federal law exists and (2) that federal law

---

[17] *Black's Law Dictionary* (9th ed. 2009) (definition of "jurisdiction").

[18] *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 89 (1998).

[19] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also, e.g. A-Z Intern. V. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

[20] *See, e.g., United States v. Marks*, 530 F.3d 779, 810 (9th Cir. 2008), citing *DaimlerChrysler v. Cuno*, 547 U.S. 332, 342 (2006); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000).

[21] *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

[22] 28 U.S.C. § 1331.

3:19-cv-00179-SLG-DMS, *Hughes v. AT&T, et al.*
Screening Order
Page 5 of 14
Case 3:19-cv-00179-SLG-DMS   Document 11   Filed 02/27/20   Page 5 of 14

created a cause of action for the plaintiff to seek relief.[23] The First Amended Complaint alleges a violation of due process, but does not sufficiently allege facts to support a violation of civil or constitutional rights.[24] Because the First Amended Complaint does not clearly describe a violation of the U.S. Constitution or a federal statute that is redressable by a private citizen in federal court, this Court does not have federal question jurisdiction over this case.

Alternatively, federal district courts have original jurisdiction of civil lawsuits where the amount in controversy exceeds $75,000.00 and is between citizens of different states or foreign states. Diversity jurisdiction requires that the plaintiff has "citizenship which is diverse from that of every defendant" and an amount in controversy greater than $75,000.[25] This means that this Court could have subject matter jurisdiction over a case (including one involving only state law issues) when the plaintiff demonstrates that he is a citizen of a different state than the citizenship of each of the defendants.[26] However, if any defendant is a citizen of the same

---

[23] *See Louisville & N.R.R. v. Mottley*, 219 U.S. 467 (1911); *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).
[24] *See* Docket 9 (see also

[25] 28 U.S.C. § 1332; *See Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir. 2008) (quoting *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction requires "complete diversity of citizenship")).

[26] *Id.* (quoting *Kokkonen*, 511 U.S. at 377).

3:19-cv-00179-SLG-DMS, *Hughes v. AT&T, et al.*
Screening Order
Page 6 of 14
Case 3:19-cv-00179-SLG-DMS   Document 11   Filed 02/27/20   Page 6 of 14

state as the Plaintiffs, then no diversity jurisdiction exists.[27] The First Amended Complaint does not specify Mr. Hughes's state of citizenship, nor the state citizenship of each of his named defendants. However, from the facts plead in the First Amended Complaint, the Court infers that it is likely that each of the named defendants reside in Alaska. Moreover, Mr. Hughes has not alleged damages above the $75,000.00 amount in controversy requirement. Because he has not demonstrated diverse citizenship here, this Court does not have diversity jurisdiction over his current complaint.

This Court has neither federal question jurisdiction nor diversity jurisdiction over this case. Therefore, this Court has no subject matter jurisdiction over this matter.

When a court determines "that it lacks subject matter jurisdiction, the court must dismiss the action."[28] In light of the foregoing, the Court recommends dismissal of Mr. Hughes's action for lack of subject matter jurisdiction.

II. <u>Civil Rights Jurisdiction</u>

Mr. Hughes cites to 28 U.S.C. § 1343(a)(3) as the basis for this Court's jurisdiction over his First Amended Complaint. 28 U.S.C. § 1343 was implemented

---

[27] *Id.*

[28] Fed. R. Civ. P. (12)(h)(3).

3:19-cv-00179-SLG-DMS, *Hughes v. AT&T, et al.*
Screening Order
Page 7 of 14
Case 3:19-cv-00179-SLG-DMS   Document 11   Filed 02/27/20   Page 7 of 14

as part of the Civil Rights Act of 1871,[29] which was part of the original statute that contained the civil rights cause of action, now known as 42 U.S.C. § 1983. However, the Federal Question Jurisdiction Amendment Act of 1980 made 28 U.S.C. § 1343 unnecessary.[30] Since 1980, civil rights claims are evaluated under federal question jurisdiction and do not require an amount in controversy in order to sufficiently plead a civil rights claim.[31]

42 U.S.C. § 1983 is the primary civil rights statutes used by litigants in order to achieve relief from a constitutional violation committed by a person "acting under the color of state law." However as explained in the Court's prior order, 42 U.S.C. § 1983 has specific requirements about who and how a civil rights claim may proceed.[32] To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) defendants acting under color of state law (2) deprived plaintiff of rights secured by the federal Constitution or federal statutes."[33] To act under color of state law, a complaint must allege that the defendants acted with state authority

---

[29] Pub. L. No. 42-22, 17 Stat. 13.

[30] Pub. L. No. 98-486, 94 Stat. 2369 (removing the amount in controversy requirement from 28 U.S.C. § 1331, thus allowing civil rights claims for even nominal damages to fall under general federal question jurisdiction.).

[31] *Id.*; *See also* 28 U.S.C. § 1331.

[32] *See* Docket 8.

[33] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

3:19-cv-00179-SLG-DMS, *Hughes v. AT&T, et al.*
Screening Order
Page 8 of 14
Case 3:19-cv-00179-SLG-DMS   Document 11   Filed 02/27/20   Page 8 of 14

as state actors.[34] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[35] Critically, a plaintiff must establish a causal link between the state action and the alleged violation of his rights.[36] These essential elements must be pleaded in a § 1983 claim.

      a. <u>Private parties are not state actors</u>

42 U.S.C. § 1983 also requires that a defendant must be "acting under the color of state law."[37] This essential element of the statute limits who may be a proper defendant under § 1983 litigation. For instance, private citizens, state governmental agencies, and states are not proper defendants for a § 1983 action.[38] The question of whether a person who has allegedly caused a constitutional injury was acting under the color of state law is a factual determination.[39] A defendant has acted under color of state law where he or she

---

[34] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[35] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).

[36] *Preschooler II v. Clark Cty. Sch. Bd. Of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

[37] *West*, 487 U.S. at 49.

[38] *See* 42 U.S.C. § 1983; *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc).

[39] *See Brunette v. Humane Soc'y of Ventura Cty.*, 294 F.3d 1205, 1209 (9th Cir. 2002).

3:19-cv-00179-SLG-DMS, *Hughes v. AT&T, et al.*
Screening Order
Page 9 of 14
Case 3:19-cv-00179-SLG-DMS   Document 11   Filed 02/27/20   Page 9 of 14

has "exercised power 'possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[40]

Mr. Hughes' allegations do not indicate that the acts of the Defendants meet any of the criteria to be a state actor. Generally, a state actor works for, or on behalf of, the state government. Individuals working for private businesses are generally not state actors.[41] Generally, "a private security guard who works independently from local police would not be a state actor."[42] There is no indication, from the allegations, that there was contact between any state actor and any private actor regarding Mr. Hughes, other than the private actors calling the police to the Dimond Mall.[43] Mr. Hughes alleges that he was mistaken for a person who had committed a crime a month before; held in the mall by private

---

[40] *West*, 487 U.S. at 49 (quoting *Classic*, 313 U.S. at 326); see also *Tongol v. Usery*, 601 F.2d 1091, 1097 (establishing that when state officials are administering a federal funded program, the state officials are still acting under the color of state law).
[41] *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).

[42] *See, e.g., Rabieh v. Paragon Systems Inc.*, 316 F.Supp.3d 1103, 1111 (N.D. Cal. 2018) ("[A] security guard that could patrol and eject unruly persons from a hospital, but who could not carry a weapon and had to call the police when individuals became belligerent was not a state actor. *See Johnson v. LaRabida Children's Hospital*, 372 F.3d 894, 896–97 (7th Cir. 2004). However, a casino security guard authorized by Michigan statute to make arrests without a warrant was a state actor. *Romanski [v. Detroit Entertainment, L.L.C.]*, 428 F.3d [629,] 638 [6th Cir. 2005].").

[43] The Ninth Circuit has held that an individual making a citizen's arrest or complaining to the police is not a state actor under the joint action test. *Collins v. Womancare*, 878 F.2d 1145, 1154-56 (9th Cir. 1989); *see also Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 783 (9th Cir. 2001) (§ 1983 false arrest claim against private company dismissed in absence of evidence that company conspired with the prosecutor to violate plaintiff's Fourth Amendment rights).

3:19-cv-00179-SLG-DMS, *Hughes v. AT&T, et al.*
Screening Order
Page 10 of 14
Case 3:19-cv-00179-SLG-DMS   Document 11   Filed 02/27/20   Page 10 of 14

employees who used excessive force and called the police. He makes no allegation that any security guard was endowed by the law with powers that effectively made that person a *de facto* police officer. Mr. Hughes alleges that the police released him and the charges were later dismissed.[44] Accordingly, Mr. Hughes has not plausibly allege facts that support that any of the defendants are state actors acting under color of law.

      b. <u>State torts do not qualify as constitutional or federally protected rights</u>

42 U.S.C. § 1983 does not confer constitutional or federal rights, but instead, provides a mechanism for remedying violations of pre-existing constitutional or federal rights.[45] Constitutional rights are those conferred by the U.S. Constitution to individual citizens. Section 1983 can be used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a § 1983 remedy for violations of the statute in question.[46] Section 1983 does not provide a cause of action for violations of state law.[47] However, where a violation of state

---

[44] Docket 9 at 4-5.

[45] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[46] *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997); *Dittman v. California*, 191 F.3d 1020, 1027–28 (9th Cir. 1999).

[47] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

3:19-cv-00179-SLG-DMS, *Hughes v. AT&T, et al.*
Screening Order
Page 11 of 14
Case 3:19-cv-00179-SLG-DMS   Document 11   Filed 02/27/20   Page 11 of 14

law is also a violation of a federal constitutional right, § 1983 may provide a cause of action.[48]

Mr. Hughes does not plausibly allege a violation of either a protected constitutional or federal right. Mr. Hughes alleges that his right to due process was violated by the Defendants. However, the allegations do not describe a deprivation of liberty or property by a state actor. Moreover, Mr. Hughes's allegations of (1) unlawful detention/false imprisonment, (2) malicious prosecution, (3) assault, and (4) intentional infliction of emotional distress are tort claims. Tort claims, without established diversity jurisdiction, should be brought in state court.[49] Mr. Hughes' allegations may amount to a state tort claim, but they are not currently cognizable in federal court. As previously advised, the two-year statute of limitations is running,[50] so if Mr. Hughes wishes to bring a case against any of the Defendants in the state courts, he should do so immediately.

    c. <u>Mr. Hughes has not alleged required elements for a claim under 42 U.S.C. § 1983.</u>

Mr. Hughes has not plausibly alleged a civil rights claim under 42 U.S.C. § 1983, or any other federal civil rights provision. Instead, Mr. Hughes may have state law tort claims, which can only be litigated in state court. Accordingly, Mr.

---

[48] *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996).

[49] *See generally* 28 U.S.C. § 1332.

[50] *See* AS 09.10.070.

3:19-cv-00179-SLG-DMS, *Hughes v. AT&T, et al.*
Screening Order
Page 12 of 14
Case 3:19-cv-00179-SLG-DMS   Document 11   Filed 02/27/20   Page 12 of 14

Hughes has not sufficiently alleged jurisdiction under either 28 U.S.C. § 1343 or 28 U.S.C. § 1331 (general federal question).

## CONCLUSION

The federal district court does not have jurisdiction over Mr. Hughes's claims. Therefore, Mr. Hughes has failed to state a claim upon which relief may be granted, and his case must be recommended for dismissal. A Court's decision to grant or deny leave to amend a complaint is discretionary.[51] Mr. Hughes may have state law tort claims, but does not plausibly allege federal claims, making amendment futile. As previously explained, Mr. Hughes to best protect his claims he should his allegations in state court immediately.

**IT IS THEREFORE ORDERED**:

1. The action is recommended for DISMISSAL for failure to state a claim upon which relief may be granted and without leave to amend. It is further recommended that all pending motions be denied as moot.

2. Mr. Hughes has fourteen days (14) days from receiving this Report & Recommendation to submit objections for review by the District Judge.[52]

---

[51] *Foman v. Davis*, 371 U.S. 178, 182 (1962) (establishing that leave to amend a complaint should be freely given unless to do so would be futile); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (stating that "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

[52] Under 28 U.S.C. § 636(b)(1), a District Court may designate a magistrate judge to hear and determine any pretrial matter pending before the Court. Under the same provision, a District Court judge may reconsider any pretrial matter where it has been

3:19-cv-00179-SLG-DMS, *Hughes v. AT&T, et al.*
Screening Order
Page 13 of 14
Case 3:19-cv-00179-SLG-DMS   Document 11   Filed 02/27/20   Page 13 of 14

3. As Mr. Hughes likely has state law tort claims, the Court encourages Mr. Hughes to file his claims in state court as soon as possible, because he risks losing his claims due to the statute of limitations.

DATED at Anchorage, Alaska, this 27th day of February, 2020.

                                                    / *Deborah M. Smith*
                                                  DEBORAH M. SMITH
                                                  Chief United States Magistrate Judge

---

shown the magistrate judge's order is clearly erroneous or contrary to law. Within fourteen days after being served with a copy of a magistrate judge's order, any party may serve and file written objections. Objections and responses shall not exceed five (5) pages in length and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. A District Court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment. See *Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).